**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**RICHARD M. FISCHER,**

    **Petitioner,**

  v.                  Case No. 10-C-553

**CIRCUIT COURT,**
**OZAUKEE COUNTY, WISCONSIN,**

    **Respondent.**

## DECISION AND ORDER

    This matter is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

    Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner Richard Fischer ("Fischer") is challenging his March 21, 2007, judgment of conviction by the Circuit Court for Ozaukee County, Wisconsin for operating a vehicle while under the influence in violation of Wis. Stat. § 346.63(1)(a), and for operating a vehicle with a prohibited blood alcohol concentration in

violation of Wis. Stat. § 346.63(1)(b). Fischer's conviction followed a jury trial. He was sentenced to five days in jail, a $350.00 fine, and a one-year suspension of his driver's license. His sentence was stayed during appellate review, with the bail conditions previously imposed being applicable.[1]

While Fischer is not yet in custody of the state, he is subject to a court sentence which has been stayed pending appellate review. (*See* Pet. 1.) The instant action is not "appellate review." However, there is no indication that Fischer is currently in jail. There is also sufficient authority that a stayed sentence satisfies the "in custody" requirement. *See Lawrence v. 48th Dist. Court*, 560 F.3d 475, 480-81 (6th Cir. 2009); *McVeigh v. Smith*, 872 F.2d 725, 726-27 (6th Cir. 1989). Fischer presents a single claim: he contends that the trial court's exclusion of reliable evidence of his innocence violated Fifth, Sixth and Fourteenth Amendment rights to present a defense. Fischer's petition challenges the legality of his custody as being in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Additionally, the claims raised in the petition must be the same claims that were raised and exhausted in state court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). State courts are fully capable of ruling on federal law, and a petitioner has not satisfied the exhaustion requirement unless the state courts heard the alleged violations

---

[1]*See Wisconsin v. Fischer*, No. 2005-CM-123, Ozaukee County Circuit Court. *See* http://wcca.wicourts.gov (last visited on July 22, 2010.) There is a "review hearing" scheduled for August 12, 2010, before the Ozaukee County Circuit Court. *See id.*

of his federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Fischer indicates that he presented the issues he now raises before the Wisconsin Court of Appeals and the Wisconsin Supreme Court and that he also filed a petition for a writ of certiorari review by the United States Supreme Court.[2] Review of those decisions indicates that the issue has been presented. *See State v. Fischer*, 314 Wis.2d 324, 761 N.W.2d 7, 11-15 (Wis. Ct. App. 2008), *review granted*, 315 Wis.2d 721, 764 N.W.2d 531 (Wis. 2009) *aff'd on other grounds*, 322 Wis.2d 265, 778 N.W.2d 629, 286-293 (Wis. 2010), *cert. denied*, *Fischer v. Wisconsin*, ___ S.Ct. ___ , 2010 WL 1810735, 78 U.S.L.W. 3669, 78 U.S.L.W. 3739, 78 U.S.L.W. 3743 (U.S. Jun 21, 2010) (No. 09-1344). Therefore, at this juncture, the Court is concludes that Fischer has exhausted his state remedies.

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Fischer is not entitled to the relief sought by his petition for a writ of habeas corpus. Consequently, the

---

[2] Filing a petition for certiorari review by the United States Supreme Court is not required in order to exhaust state remedies. *See Moore*, 345 F.3d at 486.

Respondent will be called upon to serve and file an answer to Fischer's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Respondent **MUST** file an answer to the petition by **August 31, 2010.**

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin this 22nd day of July, 2010.

                                         **BY THE COURT**

                                         *s/ Rudolph T. Randa*
                                         **Hon. Rudolph T. Randa**
                                         **U.S. District Judge**