# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD M. FISCHER,**

           **Petitioner,**

           v.                          Case No. 10-C-553

**J.B VAN HOLLEN,**
**Attorney General of the**
**State of Wisconsin[1],**

           **Respondent.**

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

**I. PROCEDURAL HISTORY**

On July 6, 2010, Richard M. Fischer ("Fischer"), proceeding with the assistance of counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), as well as a brief in support of his petition, (Docket No. 2). On July 22, 2010, the Honorable Rudolph T. Randa screened Fischer's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. (Docket No. 5.) This matter was then reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket Nos. 4, 7, 8.) Once reassigned, this court entered a scheduling order providing Fischer 14 days from the date of the respondent's answer in which to reply. (Docket No. 9.) The court noted that the deadline for the respondent to answer the petition set by Judge Randa would remain in place. (Docket No. 9.) The respondent answered the petition on August 31, 2010, (Docket Nos. 10, 11), and the petitioner replied on September 13, 2010, (Docket No. 12).

---

[1] In accordance with Rule 2(b) of the Rules Governing Section 2254 Cases, the caption is amended to name the Attorney General of the State of Wisconsin as the respondent in this matter. The Clerk shall update the docket accordingly.

On September 29, 2010, this court granted the petition and ordered that the petitioner be retried within 60 days. (Docket No. 13.) Judgment was entered accordingly the same day. (Docket No. 14.) On October 27, 2010, the respondent filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). (Docket No. 15.) The petitioner has responded, (Docket No. 16), and the respondent has replied, (Docket No. 19).

The respondent contends that this court committed two errors of law when it granted the petition. First, the respondent contends that this court mistakenly believed that it was bound by the reasoning of the Wisconsin Supreme Court. Instead, the respondent contends, the court should have limited its analysis to "the result of the state court's decision and not the reasoning that led to the result." (Docket No. 15 at 3.) Second, the court erred in concluding that Fischer would have been acquitted had the jury believed the expert's testimony.

In response, Fischer contends that the respondent waived these arguments by not raising them in the response to the petition. (Docket No. 16.) On the merits, Fischer contends that the principle of deference required the court to consider only the majority opinion of the Wisconsin Supreme Court, and that the excluded evidence was relevant to both crimes of which Fischer was convicted. (Docket No. 16.) In reply, the respondent contends that he did not waive any argument because the court never afforded him the opportunity to submit a brief in this matter. The court shall begin with the question of whether the respondent waived the opportunity to make these arguments by not raising them in the response to the petition.

## II. WAIVER

### A. Additional Briefing Schedule

The court is well-aware the some other judges within this district may order parties to submit briefs in addition to a petition, an answer to the petition, and a reply to that answer. Such case management decisions are surely within the discretion of those individual judges. However,

absent exceptional circumstances, it has not been the practice of this court to order additional briefing. This has been so particularly since the 2004 amendments to the Rules Governing Section 2254 Cases explicitly included the opportunity for the petitioner to reply to the answer. Attorneys from the Wisconsin Department of Justice in general and counsel representing the respondent in this case in specific have appeared before this court on enough occasions in habeas cases to be well-aware of this court's practices. And not surprisingly, the respondent offers no authority that suggests that such briefing is required; a plain reading of the Rules Governing Section 2254 cases and related statutes makes clear that such briefing is not required.

A § 2254 case begins with the petition. As this district's standard form, as well as the sample form contained in the Appendix of Forms to the Rules Governing Section 2254 Cases make clear, a petitioner is not required to submit a brief along with his petition but he may do so if he chooses. In this case, Fischer chose to include a brief in support of his petition. (See Docket No. 2.)

If ordered to do so under Rule 4, the respondent must then answer the petition in accordance with Rule 5. Until the adoption of the Rules Governing Section 2254 Cases in 1976, the answer was referred to as a "return;" this term is still used in numerous places within Chapter 153 of Title 28. Although currently referred to as an "answer," a response to a petition for a writ of habeas corpus should not be confused with an answer under Fed. R. Civ. P. 8(b) where the party is limited admitting, denying, or stating it lacks sufficient information to respond to each of the petitioner's allegations. Rather, Rule 5 states that "[t]he answer must address the allegation in the petition." This broad command clearly permits more than what is Fed. R. Civ. P. 8(b) permits, which requires only a "short and plain" statement of any defenses and that the party "admit or deny the allegations asserted by the opposing party," Fed. R. Civ. P. 8(b)(1).

Aside from Rule 5's minimal requirements regarding raising certain procedural bars, indicating what transcripts are available, and including all briefs and opinions related to the state

court proceedings, the decision of what else to include in an answer to a petition is up to the respondent. For example, the respondent may choose to take a bare-bones approach and simply respond with "boilerplate" that the state court's decision "was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court," as he did in this case. On the other hand, the respondent may believe that a more expansive explanation of his position is warranted by answering the petition with a substantive brief.

The final pleading in a habeas petition is the petitioner's optional reply under Rule 5(e). The opportunity to reply to an answer to a petition is another distinguishing factor between the pleadings in a habeas petition and the ordinary civil case. The same day this matter was reassigned to this court upon the consent of all parties to the full jurisdiction of a magistrate judge, the court entered an order providing the petitioner 14 days following the respondent's answer in which to reply. (Docket No. 9.) Four weeks later, the respondent submitted his bare-bones 4-page answer. (Docket No. 10.) Two weeks later, the petitioner submitted his reply. (Docket No. 12.) That closed the pleadings in this matter. Notably, at no point did the respondent request that the court establish a briefing schedule.

The fact that this court did not issue an order requiring the parties to submit briefs regarding the petition should be no more surprising to the respondent than the fact that this court did not set a briefing schedule to resolve its current motion to alter or amend judgment. In the context of a habeas petition, Rule 5 sets forth the relevant provisions governing how the parties will present their respective arguments; the court just establishes the dates. Likewise, with respect to the respondent's present motion, a scheduling order was unnecessary because Civil Local Rule 7 and applicable Federal Rules of Civil Procedure govern.

The respondent also seems to find fault in the fact that this court resolved Fischer's petition only 16 days after he filed his reply. (See Docket No. 19 at 4.) While every court is quite familiar with the common criticism that litigation is unnecessarily protracted, scarcely is there a complaint that a resolution has been too prompt. Mindful of the truth underlying the maxim that justice delayed is justice denied, this court, like most others, strives to always diligently manage its docket to ensure cases are processed as efficiently and expeditiously as possible. Moreover, the court reminds the respondent that in the context of petitions for writs of habeas corpus, courts are explicitly required by law to expedite the consideration of these cases. See 28 U.S.C. § 1657(a).

Therefore, with respect to the respondent's attempt to blame the court for his failure to present any substantive challenge to Fischer's petition, the words of Judge Posner, writing for the court in Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir. 1991), seem to capture the present situation:

> The law of habeas corpus is subtle and intricate; mistakes are easy to make. But it is a body of law of which the lawyers employed by a state attorney general should be masters. Failing to achieve such mastery, they should not blame federal judges for springing dangerous criminals free to prey on the citizenry whose safety the attorney general is sworn to protect.

**B. The Respondent Has Waived His Present Arguments**

The respondent in this case, like in most petitions for a writ of habeas corpus, chose to offer no substantive opposition to the petition other than reciting the statutory standard and baldly claiming that the petitioner had not met it. Because the standard for a federal court granting a § 2254 case is so high and a court is obligated to apply this high standard regardless of the paucity of the respondent's answer, the respondent nonetheless generally prevails. Whether it is a result of overwork and understaffing at the Wisconsin Department of Justice, reasons which are frequently cited as the explanations for the state's all-too-common requests for extension of time in litigation before this court, or some other reason, scrimping on the amount of time and effort to be invested in

5

a crucial court filing is a decision that may bear significant consequences. Thus, in the rare case where the petition is granted, by failing to make any argument initially, the respondent forfeits any argument that he could have raised earlier, but failed to raise. The respondent had the opportunity to present his arguments and chose not to do so. Thus, the respondent is bound by the consequences of that decision. Accordingly, the court now turns to the question of whether this failure amounts to a forfeiture of the arguments respondent seeks to raise now.

> A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) may be used to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Id.

United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010); see also County of McHenry v. Ins. Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006) (quoting LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir. 1995)) ("[A] Rule 59(e) motion 'is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment.'"); Bordelon v. Chicago Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000); Anderson v. Flexel, Inc., 47 F.3d 243, 247 (7th Cir. 1995) (citing Woods v. City of Michigan City, Ind., 940 F.2d 275, 280 (7th Cir. 1991); Weihaupt v. American Medical Ass'n, 874 F.2d 419, 425 (7th Cir. 1989); FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Simply stated, "an argument raised for the first time in a Rule 59(e) motion is waived." Estremera v. United States, 442 F.3d 580, 587 (7th Cir. 2006) (citing United States v. Rueth Devel. Co., 335 F.3d 598, 606 (7th Cir. 2003); Krueger Int'l, Inc. v. Blank, 225 F.3d 806, 811 (7th Cir. 2000)). This rule bars courts from considering new arguments, regardless of the merits of the argument itself. Dubin v. LaGrange Country Club, 1997 U.S. Dist. LEXIS 14851 (N.D. Ill. Sept. 19, 1997).

The court concludes that the respondent has waived both arguments he seeks to advance in his present motion by failing to raise them in his answer to the petition. Fischer submitted a nine page brief in support of his petition, replete with citations to the record and to relevant case law. In response, the respondent offered only a single paragraph—less than 100 words, nearly all of which are a recitation of the statute—addressing the merits of Fischer's petition. Set forth below, is the entire substantive portion of the respondent's answer to Fischer's petition:

> Answering section IV. of the petition, respondent DENIES that the exclusion of the expert testimony proffered by Fischer, which the Wisconsin Supreme Court found was barred by state statute, violated Fischer's right to present a defense under U.S. Const. amends. V, VI and XIV. The state supreme court's decision rejecting Fischer's federal constitutional claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Nor was the state supreme court's decision based on an unreasonable determination of the facts in light of the evidence presented in state court.

(Docket No. 10, ¶4.)

The court rejects the notion that merely reciting the legal standard is sufficient to preserve every iteration of argument that might be spun in opposition to the petition. The time for raising specific arguments in opposition to a petition for a writ of habeas corpus is in response to the petition. This is particularly so when, as here, the respondent seeks to rely upon arguments that are unique to the habeas context and / or were not raised in the state court proceedings.

The arguments that the respondent presents in his present motion plainly could have, and should have, been raised earlier. With respect to the respondent's contention that this court erred in concluding that Fischer would have been acquitted had the jury believed the expert's testimony, this argument is premised upon the fact that Fischer was convicted of two charges. First, he was convicted of operating with a prohibited alcohol concentration. See Wis. Stat. § 346.63(1)(b). It was on this charge that the expert's testimony as to the level of Fischer's BAC when he was driving was most obviously relevant. If the jury would have believed the expert's testimony that Fischer's BAC was less than 0.08% at the time he was driving, as the court noted, Fischer would necessarily have

been acquitted of this charge. However, Fischer was also convicted of operating while under the influence. See Wis. Stat. § 346.63(1)(a). Statutorily, a conviction under this charge does not require proof of any particular BAC. Rather, all that is required is that the state prove beyond a reasonable doubt that as a result of an intoxicant, Fischer was "incapable of safely driving." Id.

Thus, the state contends, that even if the jury would have believed the testimony of Fischer's expert, Fischer would still have been convicted of driving under the influence. Although the jury found Fischer guilty of two offenses, under Wisconsin law, there is only one conviction for purposes of sentencing and for suspension and revocation purposes. See Wis. Stat. § 346.63(1)(c). Thus, Fischer would have received the same sentence even if he had been acquitted of the BAC offense, but convicted of the driving under the influence offense.

Within the context of habeas jurisprudence, the respondent's argument that Fischer's expert was relevant only to his BAC offense would seemingly bar the court from even considering the merits of Fischer's petition. If Fischer would have received the same sentence irrespective of the admission and ultimate effect of the expert's testimony, Fischer arguably cannot demonstrate the threshold requirement that his claim for relief resulted in "custody." This is unlike a petitioner serving concurrent sentences whereby he may be regarded as "in custody" under either one, see, e.g., Cramer v. Fahner, 683 F.2d 1376, 1380-81 (7th Cir. 1982), because despite having been found guilty of two offenses, pursuant to Wis. Stat. § 346.63(1)(c), Fischer suffered but one "conviction." Thus, if the respondent prevailed upon the argument he seeks to advance now, it would bar the court from even reaching the merits of Fischer's petition.

While the court rejects the suggestion that the expert's testimony was relevant only to the charge of operating with a prohibited alcohol concentration, the foregoing observation emphasizes that if respondent had prevailed on this argument, it would have acted as a complete bar upon the

consideration of the merits of Fischer's petition. The court makes this observation to underscores why the respondent should have raised this pre-existing argument in response to the petition.

The respondent similarly could and should have raised his present argument that this court was permitted to rely upon the reasoning of a minority of the Wisconsin Supreme Court expressed in concurrence, rather than only that expressed by the majority of the court. The concurrence's conclusion that a preliminary breath test ("PBT") result could reasonably be excluded because it was unreliable was the basis for the decisions by the circuit court and court of appeals and the main thrust of the state's argument throughout the state court proceedings. Thus, this argument also would have been readily apparent to the respondent prior to this court's decision. If the respondent believed it was appropriate for this court to consider that argument, he was obligated to raise that argument before this court entered judgment.

In fact, although respondent does not say much in his answer, he did seemingly say enough to explicitly waive this argument. In his answer, the respondent contended, "The state supreme court's decision rejecting Fischer's federal constitutional claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court." By his own statement, the respondent addresses only the court's "decision" and makes no reference to the concurrence, other decisions of Wisconsin courts, or decisions by courts in other states, which he urges this court to now rely upon.

Thus, this court concludes that the respondent's present Rule 59(e) motion must fail because the respondent waived the arguments therein by failing to raise them pre-judgment. The court declines to look past the respondent's waiver and exercise its discretion to consider the merits of these arguments. See Armstead v. Frank, 383 F.3d 630, 633 (7th Cir. 2004). Nonetheless, the court shall briefly explain why even if this court was to consider the merits of the respondent's present arguments, the court would reject them upon their merits.

9

### III. THE MERITS OF RESPONDENT'S ARGUMENTS

#### A. Decision of the Wisconsin Supreme Court

Circuit courts across the country, including the Seventh Circuit, have repeatedly indicated that a federal court considering whether a state court unreasonably applied federal law must focus upon the result reached by the state court rather than the reasoning the court employed to arrive at that result. See Fed. Habeas Man. § 3:70. The rationale behind this principle is the same as that which underlies much of § 2254 law—deference to state courts. A federal court is not a superintending authority tasked with reviewing the propriety of state court's reasoning as a professor might review the analysis set forth by a student on an exam. See RaShad v. Walsh, 300 F.3d 27, 45 (1st Cir. 2002). Thus, it is generally inappropriate for a federal court to grant a petition for a writ of habeas corpus simply because the state court used erroneous reasoning to arrive at a constitutionally sound result.

For example, in Lopez v. Thurmer, 573 F.3d 484 (7th Cir. 2009), the Seventh Circuit noted that the Wisconsin Court of Appeals misinterpreted the relevant precedents when assessing whether a defendant's due process rights were infringed by an overwhelming security presence during the jury's visit to the scene of the crime. The Seventh Circuit nonetheless denied the petition, noting that "in deciding the federal due process issue before it, it is not the court's methodology but its result that we review to determine whether its judgment was so infirm as to require the issuance of a federal writ of habeas corpus." Lopez, 573 F.3d at 493 (citing Malinowski v. Smith, 509 F.3d 328, 339 (7th Cir. 2007)). Federal courts have stated that in the interest of preserving the principle of deference to the decisions of state courts underlying § 2254 law, when the reasoning employed by a state court is flawed or even absent, the state court's ultimate decision is still reviewed under AEDPA's highly deferential standard. See, e.g., Holder v. Palmer, 588 F.3d 328, 341 (6th Cir. 2009) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); Hurtado v. Tucker, 245

F.3d 7, 20 (1st Cir.2001); Hennon v. Cooper, 109 F.3d 330, 334-35 (7th Cir.1997); Harris v. Stovall, 212 F.3d 940, 943 (6th Cir. 2000)).

The respondent contends that this general principle translates into a requirement that this court limit its review to only the result reached by the Wisconsin Supreme Court, i.e. that it was constitutional to preclude admission of PBTs for any purpose. Thus, in the view of the respondent, if there was any reasonable basis to reach this conclusion, i.e. the rationale relied upon by the trial court, the court of appeals, and a minority of the Wisconsin Supreme Court that the state's interest in banning PBTs is because PBTs are unreliable, this court was required to deny to the petition.

When initially reviewing Fischer's petition, the court considered and rejected this wholly results oriented approach precisely because it is inconsistent with the principles of comity and deference which underlie § 2254 law. Upon full consideration of the respondent's present motion, the court holds to this conclusion.

Should a state court err in its legal reasoning but nonetheless arrive at a constitutionally sound result, such error may be seen as harmless. Thus, it should hardly be surprising, especially in light of the highly deferential standard of review employed in § 2254 cases, that a federal court will look by these shortcomings when reviewing a habeas petition. In the present case, however, the Wisconsin Supreme Court did not err in its legal reasoning. The Wisconsin Supreme Court correctly identified the relevant controlling United States Supreme Court precedent, which "involves weighing the defendant's right against the State's interest in excluding the evidence." State v. Fischer, 2010 WI 6, ¶5, 322 Wis. 2d 265, 778 N.W.2d 629.

The fact that this case involves a balancing of opposing interests is fundamental in understanding the error of the respondent's argument. Most any legal balancing test may be broken down into two distinct steps. First, there is a determination of what is on either side of the balance. Second, there is the weight given to each of those sides. When considered in the context of § 2254

petition, a federal court is required to independently address a state court's determination of each of those steps.

With respect to the first step, the Wisconsin Supreme Court determined that on the state's side of the balance was the state's interest in keeping drunk drivers off the road. The respondent urges this court to substitute the Wisconsin Supreme Court's finding with an interest identified by the trial court, the court of appeals, and a minority of the Wisconsin Supreme Court but explicitly rejected by the majority. The respondent contends this change at the first step would ultimately change the second step determination of which way the balance tipped.

Longstanding principles of comity and deference, as well as explicit statutory commands, expressly prohibit federal court from brushing aside the factual findings of a state court with the casualness advocated by the respondent. See 28 U.S.C. § 2254(e)(1); Gonzales v. Mize, 565 F.3d 373, 380 (7th Cir. 2009). The fact that it is ironically the state's own attorney advocating that a federal court ignore the findings of the Wisconsin Supreme Court does not negate this court's obligation to respect that court's findings. See Burden v. Zant, 498 U.S. 433, 436 (1991) (per curiam).

Having determined it was bound to respect the factual findings of the Wisconsin Supreme Court, this court's task was limited to the second step of the balancing and determining the weight of the competing interests and which way the balance ultimately tipped. As stated in its prior order, this court determined that the balance clearly tipped in the defendant's favor.

Significantly, the finding the respondent urges the court to upset is a state court's determination of the state interest at issue in its own laws regarding the admission of evidence. A state court is clearly in the best position to make such determinations. As such, these are precisely the sorts of determinations that a federal court proceeding in a § 2254 matter must be exceptionally reluctant to intrude upon. Unlike a question of ultimate constitutionality, where a state and federal

court might be on equal footing, a federal court substituting its own judgment for that of a state court on the question of a state's interest behind its own law would be a far greater affront to comity.

Additionally, upsetting the Wisconsin Supreme Court's factual finding and holding that PBTs are unreliable would throw Wisconsin law into flux. As the Wisconsin Supreme Court noted, such an approach could be seen as a radical departure from Wisconsin's tradition under which reliability of scientific evidence is determined by the jury rather than the federal approach in which the judge acts as a gatekeeper. Although this court's decision would likely not be afforded controlling weight in other state prosecutions, see State v. Mechtel, 176 Wis.2d 87, 94-94, 499 N.W.2d 662, 666 (1993), any step towards involuntarily forcing Wisconsin down the Daubert road, see Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 588 (1993), is surely not an appropriate role for a federal court tasked with reviewing a state defendant's petition for a writ of habeas corpus. It is up to the state to decide whether it wishes to follow the Daubert standard. C.f. Wis. Legis., Jan. 2011 Special Sess., 2011 A.B. 1, §§ 35-36 (bill seeking to change Wisconsin law to adopt a Daubert-style approach to expert testimony). Moreover, because the statutory ban upon the admissibility of PBTs is limited to the drunk driving context, see Wis. Stat. § 343.303, a conclusion in a case addressing a Wisconsin conviction that PBTs are unreliable, and specifically that this was the reason why the Wisconsin Legislature banned them from the drunk driving context, would cause uncertainty as to the viability of PBT results in the variety of other circumstances where the results are routinely presented in Wisconsin courts.

Finally, the respondent points out that if the procedural history of this case was slightly different, for example, if the Wisconsin Supreme Court had denied review, had summarily affirmed the court of appeals without an opinion, or if one Justice had switched to the minority concurring view, the prevailing finding would be that PBTs were excluded because they were unreliable.

13

Although it might be interesting to speculate how subtle changes might have led to different results, courts must analyze matters as they are, not as they could have been.

The fact that the Wisconsin Supreme Court's factual finding was the product of a divided court and contrary to the factual findings of the inferior courts that had previously considered the matter does not somehow relegate the court's finding to second-class status. Rather, the fact that the Wisconsin Supreme Court chose to accept this case and to substitute its factual finding despite an obviously strong and prevalent alternate view, and in fact, the court split 4 to 3 solely on this issue, speaks to the seriousness and deliberateness of the court's view. It is a factual finding this court cannot upset by pretending it is a swing vote on the Wisconsin Supreme Court.

Because this court was unable to upset Wisconsin Supreme Court's finding as to what should be placed on the state's side of the balance, this court's role was limited to assessing the weight of this interest and which way the balance ultimately tipped. Upon consideration of the relevant interests, it was this court's conclusion that the balance so clearly tipped in favor of the defendant that the Wisconsin Supreme Court's conclusion was unreasonable.

### B. Fischer's Convictions

The respondent contends that the court also erred when it discussed a probability that Fischer would have been acquitted had the expert's testimony been admitted and believed by the jury. As stated above, Fischer was convicted of both operating with a prohibited alcohol concentration, see Wis. Stat. § 346.63(1)(b), and operating while under the influence, see Wis. Stat. § 346.63(1)(a). Although found guilty of two crimes, for sentencing, there is only one resulting conviction, and the same sentence would have been imposed whether Fischer was found guilty of either or both offenses. See Wis. Stat. § 346.63(1)(c). The respondent contends that the excluded expert testimony was relevant only to the operating with a prohibited alcohol concentration offense and thus, even if the expert testimony had been admitted and believed by the jury, Fischer would

still have been convicted of operating while under the influence and received the exact same sentence.

Again, at the time the court was reviewing Fischer's petition, despite the respondent's failure to raise this argument at that time and resulting waiver, the court was well-aware that Fischer was found guilty of two offenses and by operation of Wis. Stat. § 346.63(1)(c), there would be only a one resulting conviction for sentencing purposes. Upon consideration of this fact, the court still arrived at its ultimate conclusion regarding the significance of Fischer's interest in the admission of the expert testimony and thus the interest of the defendant on the defense side of the balance. Having now re-considered this argument, the court stands by its prior conclusions.

One need look only to the instructions given to the jury to understand the significance of the BAC evidence in the operating while under the influence charge. The jury was instructed as follows with respect to the operating while under the influence charge:

> If you are satisfied beyond a reasonable doubt that there was .08 grams or more of alcohol in 100 milliliters of the defendant's blood at the time the test was taken, you may find from that fact alone that the defendant was under the influence of an intoxicant at the time of the alleged operating . . . but you are not required to do so.
>
> * * *
>
> Evidence has been received that within three hours of the defendant's alleged operating of a motor vehicle a sample of the defendant's blood was taken. An analysis of the sample has also been received. This is relevant evidence that the defendant had a prohibited alcohol concentration and was under the influence at the time of the alleged operating.

(Ans. Ex. O at 121-22.)

Under certain circumstances, it is theoretically possible that a jury could find a person guilty of operating while under the influence even though it found that the defendant's BAC was below the legal limit. However, as to the converse, if the jury finds that the defendant's BAC is over the legal limit, based upon the instructions quoted above, a guilty verdict on the operating while under the influence charge is almost sure to follow. Thus, the fact that Fischer was convicted of operating

while under the influence may simply reflect the jury's conclusion that Fischer's BAC exceeded the legal limit.

Hypotheticals aside, as a practical matter, BAC evidence is the coup de grâce of a drunk driving case. A jury that concludes that an individual's BAC is below the legal limit is exceptionally unlikely to convict the defendant of any drunk driving crime. Thus, under the circumstances of a case such as this, a conclusion that a defendant's BAC was below the legal limit will almost surely result in an acquittal of not only the operating with a prohibited alcohol concentration charge, but also of the operating while under the influence charge. This is the likely result, even though under certain circumstances, a conviction might be obtained for the under the influence charge, despite the defendant operating with a legal BAC. Therefore, re-considering the respondent's present argument, the court remains convinced that the interest of the defendant in the admission of the PBT evidence so strongly and clearly outweighs the interest of the state in barring the admission of the evidence that the Wisconsin Supreme Court's decision affirming Fischer's conviction was unreasonable.

**IV. CONCLUSION**

For the reasons set forth above, the court shall deny the respondent's motion to alter or amend judgment. A plain reading of Rule 5 of the Rules Governing Section 2254 Cases indicates that the pleadings with respect to a petition for a writ of habeas corpus are closed and the matter is ready for resolution upon the filing of the petition, which may be supplemented by a brief in support, an answer which may take a variety of forms but is generally the respondent's only opportunity to raise his reasons for opposing the petition, and the petitioner's optional reply. The respondent in this case chose to submit a bare bones answer wherein he offered essentially no substantive opposition to the petition other than a recitation of the relevant legal standard and bald claim that the respondent had not met it. The arguments that the respondent seeks to raise now

could and should have been raised prior to judgment. By failing to timely raise these arguments, the respondent has waived them.

Although the court declines to exercise its discretion to consider the merits of the respondent's arguments, if the court were to do so, the respondent's present motion would nonetheless be denied. This court was not permitted to simply ignore the Wisconsin Supreme Court's factual finding as to what is the state's interest in barring the admission of PBT results for any purpose in a drunk driving case. Most certainly, this court was not permitted to supplant the Wisconsin Supreme Court's factual finding with a factual finding that court considered and explicitly rejected. Finally, the jury instructions make clear that the BAC evidence was highly relevant to both the operating with a prohibited alcohol concentration charge and the operating while under the influence charge. Thus, the defendant's interest in the admission of the expert testimony, which, if believed by the jury, would have resulted in a conclusion that Fischer's BAC was below the legal limit at the time he was driving, was exceptionally strong.

**IT IS THEREFORE ORDERED** that the respondent's motion to alter or amend judgment, (Docket No. 15), is **denied**.

Dated at Milwaukee, Wisconsin this 7th day of January, 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge